

MD\MG: 2019R00196

FILED
U.S DISTRICT COURT
DISTRICT OF MARYLAND

2019 APR 10 PM 4: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. GLR-19-0137 |
| v. | |
| MICHAEL BAILEY,<br>DONTE BENNETT,<br>    a/k/a "TAY,"<br>DARLENE BEST,<br>GREGORY BUTLER,<br>    a/k/a "SAGS,"<br>    a/k/a "LITTLE DICK,"<br>JUAWAN DAVIS,<br>    a/k/a "FAT DADDY,"<br>TIMOTHY DOWNING,<br>EDWARD BUDDY HALL,<br>    a/k/a "GWAR,"<br>SYED HUSSAIN,<br>RYAN JOHNSON,<br>CINDY LEGARD,<br>KAREEM MACK,<br>    a/k/a "K MACK,"<br>TERRANCE MEDLEY,<br>    a/k/a "MAZZI,"<br>RUSSELL OLIVER,<br>DAVON OWENS,<br>    a/k/a "GUSTO,"<br>DESMOND RINGGOLD,<br>    a/k/a "WORM,"<br>    a/k/a "FOOL,"<br>JAMES HENRY ROBERTS,<br>    a/k/a "BUB,"<br>TIRREL SAUNDERS,<br>    a/k/a "PRETTY,"<br>GARY SMITH,<br>ANN WAUGH-HIXON,<br>LAURA WARNER,<br>EMANUEL WATKINS,<br>JOHN WOLFREY, | (Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 846; Possession of a Firearm in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c); Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841; Aiding and Abetting, 18 U.S.C. § 2; and Forfeiture) |

1

**Defendants.**

---

<u>**SUPERSEDING INDICTMENT**</u>

<u>**COUNT ONE**</u>
**Conspiracy to Distribute Controlled Substances**

The Grand Jury for the District of Maryland charges that:

From a time unknown to the Grand Jury, but no later than 2016 through April 3, 2019, in

the District of Maryland, and elsewhere, the defendants:

**MICHAEL BAILEY,**
**DONTE BENNETT,**
**a/k/a "TAY,"**
**DARLENE BEST,**
**GREGORY BUTLER,**
**a/k/a "SAGS,"**
**a/k/a "LITTLE DICK,"**
**JUAWAN DAVIS,**
**a/k/a "FAT DADDY,"**
**TIMOTHY DOWNING,**
**EDWARD BUDDY HALL,**
**a/k/a "GWAR,"**
**SYED HUSSAIN,**
**RYAN JOHNSON,**
**CINDY LEGARD,**
**KAREEM MACK,**
**a/k/a "K MACK,"**
**TERRANCE MEDLEY,**
**a/k/a "MAZZI,"**
**RUSSELL OLIVER,**
**DAVON OWENS,**
**a/k/a "GUSTO,**
**DESMOND RINGGOLD,**
**a/k/a "WORM,"**
**a/k/a "FOOL,"**
**JAMES HENRY ROBERTS,**
**a/k/a "BUB,"**
**TIRREL SAUNDERS,**
**a/k/a "PRETTY,"**
**GARY SMITH,**

**ANN WAUGH-HIXON,**
**LAURA WARNER,**
**EMANUEL WATKINS,**
**JOHN WOLFREY,**

did knowingly combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## MANNER AND MEANS OF THE CONSPIRACY

1.  Among the manner and means by which the defendants and others conducted and participated in the conspiracy were the following:

2.  Members and associates of the Butler Drug Trafficking Organization distributed narcotics in and around Maryland, Virginia, West Virginia and Pennsylvania.

3.  Members of conspiracy distributed heroin, fentanyl, cocaine, and crack cocaine to customers, which resulted in multiple overdoses, including overdose deaths.

4.  Members of the conspiracy discussed the potency of drugs and the effects on users, and were aware, at times, that customers had overdosed or were rendered unconscious by the drugs.

5.  Members of the conspiracy conducted narcotics sales on a daily basis, operating in rotating shifts to ensure continuous distribution.

3

6. Members of the conspiracy obtained bulk quantities of heroin, fentanyl, cocaine, and cocaine base that they could then dilute and distribute in smaller quantities in order to make a profit.

7. Members of the conspiracy adulterated heroin and cocaine base to maximize their profits, cutting the drugs with other substances, such as fentanyl and diphenhydramine.

8. Members of the conspiracy used residences in and around Baltimore, Maryland to process, cut, repackage, and prepare heroin, fentanyl, and cocaine base for distribution.

9. Members of the conspiracy trained new members of the Butler Drug Trafficking Organization before street-level distributors were allowed to conduct drug sales independently.

10. Members of the conspiracy rotated locations throughout Baltimore, Maryland, to conduct drug transactions, to minimize law enforcement detection.

11. Members of the conspiracy rotated the use of vehicles and residences to store narcotics for street level distribution to avoid detection by law enforcement or rival competitors.

12. Members of the conspiracy conducted counter-surveillance to prevent law enforcement and rival drug traffickers from detecting the illegal activities of the Butler Drug Trafficking Organization.

13. Members of the conspiracy frequently changed cell phones and used encrypted phone applications, such as FaceTime and WhatsApp, to prevent the interception of drug-trafficking communications by law enforcement.

14. Members of the conspiracy possessed firearms in furtherance of their drug trafficking activities, including this conspiracy.

15. Members of the conspiracy purchased firearms from drug customers, paying them with drugs in exchange for the firearms.

16. Members of the conspiracy traded other controlled substances, such as prescription opioids, for heroin and crack cocaine.

## OVERT ACTS

17. The defendants and members and associates of the Butler Drug Trafficking Organization, committed acts in furtherance of the organizations' objectives, which include, but are not limited to, the following:

18. From 2016 until the dates of their arrests, **BENNETT, BUTLER, DAVIS, HALL, MACK, MEDLEY, RINGGOLD, SAUNDERS**, and other members of the Butler Drug Trafficking Organization collectively distributed, or intended to distribute, multiple kilograms of heroin, fentanyl, and cocaine base throughout the Baltimore area. For example, members of the Butler Drug Trafficking Organization distributed, or possessed with intent to distribute, narcotics on the following dates:

    a.   On or about October 10, 2018, **OLIVER** arranged to purchase approximately 79 grams of heroin from the Butler Drug Trafficking Organization, sending **CINDY LEGARD** to purchase from the organization. **HALL** then sold approximately 79 grams of heroin and fentanyl to **LEGARD**.

    b.   On or about October 18, 2018, **MEDLEY** sold 3 grams of heroin to "M.G."

    c.   On or about November 1, 2018, a member of the Butler Drug Trafficking Organization sold 10 grams of heroin to **HUSSAIN**.

d.   On or about November 14, 2018, a member of the Butler Drug Trafficking Organization sold approximately 13 grams of heroin and 7 grams of cocaine base to **SMITH**.

e.   On December 7, 2018, **MACK** possessed with intent to distribute approximately 110 grams of heroin and 28 grams of cocaine base.

f.   On or about December 13, 2018, a member of the Butler Drug Trafficking Organization sold approximately 6.5 grams of heroin to "R.S."

g.   On or about December 17, 2018, a member of the Butler Drug Trafficking Organization sold approximately 3 grams of heroin to "T.L."

h.   On or about December 20, 2018, **DAVIS** possessed with intent to distribute approximately 39 grams of heroin.

i.   On or about January 15, 2019, a member of the Butler Drug Trafficking Organization sold approximately 99 grams of heroin to **WOLFREY**.

j.   On January 22, 2019, a member of the Butler Drug Trafficking Organization sold approximately 98 grams of fentanyl to **WOLFREY**.

k.   On or about January 26, 2019, a member of the Butler Drug Trafficking Organization sold approximately 28 grams of cocaine base and 3 grams of heroin to "B.M."

l.   On or about February 14, 2019, a member of the Butler Drug Trafficking Organization sold approximately 3 grams of heroin to "T.L."

m.   On or about February 16, 2019, a member of the Butler Drug Trafficking Organization sold approximately 2.5 grams of heroin to "M.P."

n. On or about February 21, 2019, a member of the Butler Drug Trafficking Organization sold approximately a half gram of heroin to "E.B."

o. On or about February 22, 2019, a member of the Butler Drug Trafficking Organization sold approximately 5 grams of heroin to "D.B."

p. On or about February 26, 2019, **MACK** sold approximately 2 grams of heroin and approximately a half gram of cocaine base to "T.C."

q. On or about February 28, 2019, a member of Butler Drug Trafficking Organization, sold approximately 9 grams of heroin to **BAILEY**

r. On or about March 5, 2019, a member of Butler Drug Trafficking Organization, sold approximately 10 grams of heroin to **JOHNSON**

s. On or about March 11, 2019, **MEDLEY** sold approximately 5 grams of heroin to **WARNER** and 5 grams of heroin to **WAUGH-HIXON**.

t. On or about April 3, 2019, **OWENS** possessed with intent to distribute over 1 kilogram of heroin.

19. The Butler Drug Trafficking Organization's distribution of heroin, fentanyl, and cocaine base resulted in overdoses, including fatal overdoses. For example, the Butler Drug Trafficking Organization distributed narcotics on the following dates, resulting in overdoses:

a. On or about August 16, 2016, "S.D." purchased heroin from the Butler Drug Trafficking Organization. Later that day, S.D. overdosed and died from the heroin in Rockville, Maryland.

b.   On or about October 8, 2016, "R.H." purchased heroin from the Butler Drug Trafficking Organization.   Later that day, "R.H." overdosed and died in Frederick County, Maryland.

c.   On or about December 9, 2017, "A.L" purchased heroin from the Butler Drug Trafficking Organization.   The following day, "A.L." sold the heroin to "D.F." in Howard County, Maryland.   In the early hours of December 12, 2017, D.F. overdosed and died in Montgomery County, Maryland.

d.   On or about October 23, 2018, "J.M." purchased heroin from the Butler Drug Trafficking Organization.   Later that day, an associate of J.M.'s used the heroin and overdosed in Frederick County, Maryland.   The associate was provided Narcan and was hospitalized.

e.   On or about October 31, 2018, **HALL** sold 30 grams of heroin to "J.W." On the same day, J.W. sold some of the heroin to K.C. K.C. later overdosed in Winchester County, Virginia, and was provided with Narcan and hospitalized.

f.   On or about November 9, 2018, "W.E." purchased 2.5 grams of heroin from the Butler Drug Trafficking Organization.   Later that evening, W.E. overdosed in Montgomery County, Maryland.   W.E. was provided Narcan and was hospitalized.

g.   On or about November 10, 2018 T.L. purchased 7.5 grams of heroin from the Butler Drug Trafficking Organization.   Later in the early morning hours of November 12, 2018, T.L. distributed the heroin to "S.L" and "A.M."   S.L and A.M subsequently overdosed in Winchester, Virginia.   Both S.L and A.M. were provided Narcan and were hospitalized.

h.   On or about November 13, 2018, **MEDLEY** sold heroin to D.S.   Later that day, D.S. overdosed and died.

i.   On or about November 20, 2018, **BENNETT** provided heroin to his father. **BENNETT's** father overdosed and died in Baltimore, Maryland.   Later that day, **BENNETT** called **BUTLER** and reported that his father died from the organization's drugs.   **BUTLER** later admonished **BENNETT**, blaming him for providing drugs to his father.

j.   On or about November 20, 2018, the Butler Drug Trafficking Organization sold 1.5 grams of heroin to "S.K."   Later that day, S.K.'s juvenile son overdosed in Warren County, Virginia.

k.   On or about November 20, 2018, the Butler Drug Trafficking Organization sold 2 grams of heroin and crack cocaine to "P.G."   P.G. then sold the heroin to "A.G." in Winchester, Virginia.   A.G. subsequently overdosed, received Narcan, and was hospitalized.

l.   On or about January 29, 2019, the Butler Drug Trafficking Organization sold one half of a gram of heroin to "V.C."   V.C. subsequently overdosed in Montgomery County, Maryland, received Narcan, and was hospitalized.

m.   On or about March 15, 2019, the Butler Drug Trafficking Organization sold heroin to "V.C.". "V.C." later sold the heroin in Montgomery County, Maryland to "B.M.". B.M. subsequently overdosed, received Narcan, and was hospitalized.

20.   Beginning in at least 2016 and continuing through the filing of this Indictment, **BUTLER** oversaw the Drug Trafficking Organization by coordinating drug sales with customers

via telephone, directing subordinates to conduct drug sales, overseeing the supply of narcotics in the organization, and processing narcotics that the Drug Trafficking Organization distributed.

21.     From 2016 through the dates of their arrests, **BAILEY, DOWNING, HUSSAIN, JOHNSON, LEGARD, OLIVER, WOLFREY, WARNER,** and **WAUGH-HIXON** made repeated purchases of distribution-sized quantities of heroin, fentanyl, and cocaine from the Butler Drug Trafficking Organization. **BAILEY, DOWNING, HUSSAIN, JOHNSON, LEGARD, OLIVER, WOLFREY, WARNER,** and **WAUGH-HIXON** would transport, or cause to be transported, these narcotics to other parts of Maryland, Virginia, and West Virginia for the purpose of redistributing the narcotics.

22.     Beginning in at least 2018 and continuing through the filing of this Indictment, **RINGGOLD** and **SAUNDERS** would supervise street-level distributors in the organization and manage the daily supply of narcotics to the distributors.

23.     On multiple occasions between November 2018 and the filing of this Indictment, **WATKINS** would process cocaine into crack cocaine for the Butler Drug Trafficking Organization.

24.     On or about November 25, 2018, **BEST** delivered sleeping pills containing diphenhydramine to **BUTLER** that **BUTLER** then used to adulterate heroin.

25.     On or about January 17, 2019, **BUTLER** was arrested by the Baltimore City Police Department. During his arrest, **BUTLER** communicated with **BEST** and requested that she obtain the cellular phones that he used for managing the Drug Trafficking Organization's operations.

26.     Following **BUTLER's** arrest, **BEST** took custody of his cellular telephones and provided them to **RINGGOLD** so **RINGGOLD** could continue drug trafficking operations for

the Drug Trafficking Organization.

27.    On or about January 15, 2019, **BAILEY** sold a firearm to the Drug Trafficking Organization in return for heroin.

28.    On or about January 18, 2019, **BEST** and another conspirator retrieved over 800 grams of narcotics from a stash house used by the Drug Trafficking Organization.

29.    On or about February 4, 2019, **BUTLER** and **MEDLEY** discussed by phone how the drugs were affecting customers. **MEDLEY** told **BUTLER** that one customer "WENT TO SLEEP FOR LIKE THREE DAYS RIGHT HERE AT MY SPOT."

30.    On or about February 12, 2019, **HALL** told **BUTLER** that the drugs that they were selling to users were immediately putting users to sleep.

### Quantity of Controlled Substances Distributed in the Conspiracy

With respect to **BUTLER, HALL, MACK, MEDLEY, OWENS, RINGGOLD,** and **SAUNDERS,** the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is one kilogram or more of a mixture or substance containing a detectable amount of heroin, more than 280 grams of a mixture or substance containing a detectable amount of cocaine base, and a detectable amount of a mixture or substance containing fentanyl.

With respect to **WATKINS,** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 280 grams of a mixture or substance containing a detectable amount of cocaine base.

With respect to **DAVIS** and **ROBERTS,** the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators

reasonably foreseeable to them, is 100 grams or more of a mixture or substance containing a detectable amount of heroin, 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, and 40 grams or more of a mixture or substance containing fentanyl.

With respect to **DOWNING, HUSSAIN, JOHNSON, LEGARD, OLIVER, SMITH, WAUGH-HIXON, and WARNER**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 100 grams or more of a mixture or substance containing a detectable amount of heroin, a detectable amount of cocaine base, and a detectable amount of fentanyl.

With respect to **BAILEY, BENNETT**, and **BEST**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is a detectable amount of a mixture or substance containing a detectable amount of heroin, a detectable amount of cocaine base, and detectable amount of fentanyl.

With respect to **WOLFREY**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more of a mixture or substance containing a detectable amount of heroin, and more than 40 grams of a mixture or substance containing a detectable amount of fentanyl.

21 U.S.C. § 846

## COUNT TWO
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about October 10, 2018, in the District of Maryland, the defendant,

### CINDY LEGARD,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture of substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about November 1, 2018, in the District of Maryland, the defendant,

### SYED HUSSAIN,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT FOUR
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about November 14, 2018, in the District of Maryland, the defendant,

## GARY SMITH,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT FIVE
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about December 7, 2018, in the District of Maryland, the defendant,

### KAREEM MACK,
### a/k/a "K MACK,"

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT SIX
### Possession of a Firearm in Relation to a Drug Trafficking Crime

The Grand Jury for the District of Maryland further charges that:

On or about December 20, 2018, in the District of Maryland, the defendant,

### JUAWAN DAVIS,
### a/k/a "FAT DADDY,"

did knowingly possess a firearm in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count One of this Superseding Indictment, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, and Count Seven of this Indictment, Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841.

18 U.S.C. § 924(c)

## COUNT SEVEN
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about December 20, 2018, in the District of Maryland, the defendant,

### JUAWAN DAVIS,
### a/k/a "FAT DADDY,"

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT EIGHT
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about January 22, 2019, in the District of Maryland, the defendant,

### JOHN WOLFREY,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or

substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT NINE
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about February 28, 2019, in the District of Maryland, the defendant,

**MICHAEL BAILEY,**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT TEN
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about March 5, 2019, in the District of Maryland, the defendant,

### RYAN JOHNSON,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT ELEVEN
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about March 11, 2019, in the District of Maryland, the defendants,

**LAURA WARNER,**
**ANN WAUGH-HIXON,**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT TWELVE
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

**DAVON OWENS,**
**a/k/a "GUSTO,"**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

**COUNT THIRTEEN**
**Possession of a Firearm in Relation to a Drug Trafficking Crime**

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

**DAVON OWENS,**
**a/k/a "GUSTO,"**

did knowingly possess a firearm in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count One of this Superseding Indictment, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, and Count Twelve of this Superseding Indictment, Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841.

18 U.S.C. § 924(c)

## COUNT FOURTEEN
### Possession of a Firearm and Ammunition by a Prohibited Person

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### DAVON OWENS,
### a/k/a "GUSTO,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess in and affecting interstate commerce a firearm that is, one Beretta Para 9mm

pistol bearing serial number NUO26683.

18 U.S.C. § 922(g)(1)

## COUNT FIFTEEN
### Possession of a Firearm in Relation to a Drug Trafficking Crime

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### EDWARD BUDDY HALL,
### a/k/a "GWAR,"

did knowingly possess a firearm in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count One of this Superseding Indictment, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846.

18 U.S.C. § 924(c)

## COUNT SIXTEEN
### Possession of a Firearm and Ammunition by a Prohibited Person

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### EDWARD BUDDY HALL,
### a/k/a "GWAR,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm and ammunition, that is, one Ruger 9mm pistol bearing serial number TYE83852, and ammunition.

18 U.S.C. § 922(g)(1)

## COUNT SEVENTEEN
### Possession of a Firearm in Relation to a Drug Trafficking Crime

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### GREGORY BUTLER,
### a/k/a "SAGS,"
### a/k/a "LITTLE DICK,"

did knowingly possess a firearm in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count One of this Superseding Indictment, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846.

18 U.S.C. § 924(c)

## COUNT EIGHTEEN
### Possession of a Firearm and Ammunition by a Prohibited Person

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

**GREGORY BUTLER,**
**a/k/a "SAGS,"**
**a/k/a "LITTLE DICK,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess in and affecting interstate commerce a firearm and ammunition, that is, one

Walther P22 pistol bearing serial number WA006344, and ammunition.

18 U.S.C. § 922(g)(1)

## COUNT NINETEEN
### Possession with Intent to Distribute a Controlled Substance

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### JAMES HENRY ROBERTS,
### a/k/a "BUB,"

did knowingly and intentionally possess with intent to distribute a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT TWENTY
### Possession of a Firearm in Relation to a Drug Trafficking Crime

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### JAMES HENRY ROBERTS,
### a/k/a "BUB,"

did knowingly possess a firearm in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count One of this Superseding Indictment, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, and Count Nineteen of this Superseding Indictment, Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841.

18 U.S.C. § 924(c)

## COUNT TWENTY-ONE
### Possession of a Firearm and Ammunition by a Prohibited Person

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### JAMES HENRY ROBERTS,
### a/k/a "BUB,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess in and affecting interstate commerce a firearm and ammunition, that is, one

American Tactical .45 pistol bearing serial number TB106818, and ammunition.

18 U.S.C. § 922(g)(1)

## COUNT TWENTY-TWO
### Possession of a Firearm in Relation to a Drug Trafficking Crime

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### TERRANCE MEDLEY,
### a/k/a "MAZZI,"

did knowingly possess a firearm in relation to a drug trafficking crime for which he may be

prosecuted in a court of the United States, that is, the offense charged in Count One of this

Superseding Indictment, Conspiracy to Distribute Controlled Substances, in violation of Title 21,

United States Code, Section 846, in violation of Title 21, United States Code, Section 841.

18 U.S.C. § 924(c)

## COUNT TWENTY-THREE
### Possession of a Firearm and Ammunition by a Prohibited Person

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2019 in the District of Maryland, the defendant,

### TERRANCE MEDLEY,
### a/k/a "MAZZI,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm and ammunition, that is, one Smith & Wesson model SD9VE pistol bearing serial number FXV9401, one Winchester Model 94 rifle bearing serial number 3347907, and ammunition.

18 U.S.C. § 922(g)(1)

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1.     Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendants:

**MICHAEL BAILEY,**
**DONTE BENNETT,**
**a/k/a "TAY,"**
**DARLENE BEST,**
**GREGORY BUTLER,**
**a/k/a "SAGS,"**
**a/k/a "LITTLE DICK,"**
**JUAWAN DAVIS,**
**a/k/a "FAT DADDY,"**
**TIMOTHY DOWNING,**
**EDWARD BUDDY HALL,**
**a/k/a "GWAR,"**
**SYED HUSSAIN,**
**RYAN JOHNSON,**
**CINDY LEGARD,**
**KAREEM MACK,**
**a/k/a "K MACK,"**
**TERRANCE MEDLEY,**
**a/k/a "MAZZI,"**
**RUSSELL OLIVER,**
**DAVON OWENS,**
**a/k/a "GUSTO,"**
**DESMOND RINGGOLD,**
**a/k/a "WORM,"**
**a/k/a "FOOL,"**
**JAMES HENRY ROBERTS,**
**a/k/a "BUB,"**
**TIRREL SAUNDERS,**
**a/k/a "PRETTY,"**
**GARY SMITH,**
**LAURA WARNER,**
**ANN WAUGH-HIXON,**
**EMANUEL WATKINS,**
**JOHN WOLFREY,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

    2.    If any of the property, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

21 U.S.C. § 853
28 U.S.C. § 2461(c)

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 924(d), as a result of the offense alleged in Count Six, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Twenty, Twenty-One, Twenty-Two, and Twenty-Three of this Superseding Indictment, the defendants,

**GREGORY BUTLER,**
a/k/a "SAGS,
a/k/a "LITTLE DICK,"
**JUAWAN DAVIS,**
a/k/a "FAT DADDY,"
**EDWARD BUDDY HALL,**
a/k/a/ "GWAR,"
**TERRANCE MEDLEY,**
a/k/a "MAZZI,"
**RUSSELL OLIVER**
**DAVON OWENS,**
a/k/a "GUSTO,"
**JAMES HENRY ROBERTS,**
a/k/a "BUB,"

shall forfeit to the United States the firearm involved in the commission of the offense, one Smith & Wesson M&P Shield 9mm pistol bearing serial number LEE1086, one Beretta Para 9mm pistol bearing serial number NUO26683, one Walther P22 pistol bearing serial number WA006344, one High Standard revolver bearing serial number 2026015, one Smith & Wesson model SD9VE pistol bearing serial number FXV9401, one Winchester Model 94 rifle bearing serial number 3347907, one Ruger 9mm pistol bearing serial number TYE83852, one American Tactical .45 pistol bearing serial number TB106818, and ammunition.

18 U.S.C. § 924(d)
28 U.S.C. § 2461

ROBERT K. HUR
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Dated: _April 10_ 2019