**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Matthew DellaBetta*
*Assistant United States Attorney*
*Matthew.DellaBetta@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*MAIN: 410-209-4800*
*FAX: 410-962-3091*

March 18, 2021

**VIA ECF**

The Honorable Paul W. Grimm
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:   *United States v. Michael Bailey*, Criminal No. PWG-19-137

Dear Judge Grimm:

I write to respond to defendant Michael Bailey's sentencing memorandum. In the memorandum, defense counsel challenges the Pre-Sentence Report's ("PSR") United States Sentencing Guidelines ("USSG") calculation.

The PSR was submitted to the Court on October 22, 2019. At the time, defense counsel did not object to the Guidelines calculation. *See* ECF 365 at 24. This makes sense because the defendant executed a written plea agreement in this case where he agreed to the exact same Guidelines calculation. *See* ECF 318 at 4-5. Defense counsel now argues that the Guidelines enhancements no longer apply. The Stipulation of Facts that the defendant admitted to during his guilty plea, however, makes clear that these enhancements apply. The PSR calculates Bailey's Guidelines as follows:

- The Base Offense Level is **14**. USSG § 2K2.1.

- A **2-level** enhancement applies because the firearm was stolen. USSG § 2K2.1(a)(6)(A).

- A **4-level** enhancement applies because the firearm was possessed in connection with another felony offense, drug trafficking. USSG § 2K2.1(b)(6)(B).

- A **3-level** reduction applies because the defendant has demonstrated acceptance of responsibility and timely notified the government of his intention to plead guilty. USSG §§ 3E1.1(a) and (b).

- Therefore, the final offense level is **17**. Based on the defendant's criminal history category (VI), the Guidelines range is therefore 51 to 63 months of incarceration.

Bailey first challenges the applicability of the stolen firearm enhancement, arguing that because Bailey's father no longer wishes to pursue criminal charges against Bailey for the theft, that this somehow means that Bailey did not possess a stolen firearm. This is irrelevant because Bailey admitted under oath and in his written plea agreement that he stole the firearm. The Stipulation of Facts states as follows: **"BAILEY stole the firearm from a relative and transported it from West Virginia to Baltimore, Maryland**." ECF 318-1.

Bailey also argues that his sale of a firearm in exchange for narcotics does not constitute a drug trafficking crime because he was purchasing narcotics for personal use. *See United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). The government bears the burden of proving by a preponderance of the evidences the facts necessary to apply a Guidelines enhancement. *United States v. Nale*, 101 F.3d 1000, n.3 (4th Cir. 1996). There is no question that at the time of the gun sale that Bailey was a drug user. But the evidence also establishes that Bailey obtained large enough quantities of heroin mixed with fentanyl on a regular basis that his possession was inconsistent with personal use. Bailey admitted in his Stipulation of Facts that from December 2019 through February 2019, Bailey obtained over 80 grams of heroin mixed with fentanyl. ECF 318-1. Bailey's plea agreement therefore established the necessary facts for this enhancement to apply.

Therefore, the government believes that the PSR correctly calculates the Guidelines in this case.

Respectfully submitted,

John F. Lenzner
Acting United States Attorney

By:  /s/
Matthew DellaBetta
Assistant United States Attorney